UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

PETER J. NICHOLS,

                          *Pro Se* Plaintiff,

   -against-                                     1:13-cv-00224 (DNH/RFT)

BAC HOME LOANS SERVICING LP d/b/a, BANK
OF AMERICA N.A. & SELECT PORTFOLIO
SERVICING, INC.,

                            Defendants.
----------------------------------------------------------------- X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

LOCKE LORD LLP
3 World Financial Center
New York, New York 10281-2101

Attorneys For Defendant
Select Portfolio Servicing, Inc.

Table of Contents

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................1

LEGAL ARGUMENT..............................................................................................................1

    I.     Plaintiff Has Withdrawn His Claim Based On The 2003 Order...............................2

    II.    Plaintiff Cannot State A Cause Of Action For Fraud
          And Should Not Be Allowed To Amend His Complaint ........................................2

          A.     Plaintiff Does Not Allege A Claim For
                 Common Law Fraud Against SPS .................................................................2

          B.     Plaintiff Should Not Be Allowed To Amend His Complaint .......................3

    III.   Plaintiff's FDCPA Claims Still Fail .........................................................................4

          A.     SPS Is Not A Debt Collector Under the FDCPA..........................................4

          B.     Plaintiff's Claims Under The FDCPA Are Factually Deficient ..................5

                i.     Plaintiff Has Not Alleged That He Is Current
                      On His Obligation Under The Mortgage .........................................6

                ii.    Plaintiff's Baseless Forgery Accusations Are Irrelevant
                      And Do Not Apply To SPS...............................................................6

                iii.   Plaintiff's Appeal To The "Independent Foreclosure
                      Review Committee" Is Without Consequence ...............................7

    IV.   Plaintiff Is Still Not Entitled To Provisional Relief.................................................7

    V.    SPS Has Not Breached Any Modification Agreement............................................8

CONCLUSION..........................................................................................................................9

Table of Authorities

Page

**FEDERAL CASES**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................................. 1, 3

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................................. 1

Cacchillo v. Insmed, Inc.,
   Civil Action No. 1:10–CV–01199 (TJM/RFT),
   2013 WL 622220 (N.D.N.Y., Feb. 19, 2013) .......................................................................... 2

Caires v. JPMorgan Chase Bank, N.A.,
   880 F. Supp.2d 288 (D. Conn. 2012) ....................................................................................... 5

Cooper v. Pressler & Pressler, LLP,
   --- F.Supp.2d ----, 2012 WL 6568430 (D.N.J. 2012) .............................................................. 4

Corazzini v. Litton Loan Servicing LLP,
   No. 1:09–cv–199 (MAD/ATB),
   2010 WL 6787231 (N.D.N.Y. June 15, 2010) ........................................................................ 6

Cuoco v. Moritsugu,
   222 F.3d 99 (2d Cir. 2000) ....................................................................................................... 3

Dolan v. Fairbanks Capital Corp.,
   --- F.Supp.2d ----, 2013 WL 991002 (E.D.N.Y. March 13, 2013) ........................................... 4

Fouche v. Shapiro & Massey LLP,
   575 F.Supp.2d 776 (S.D.Miss. 2008) ...................................................................................... 5

Gander Mountain Co. v. Islip U-slip LLC,
   --- F.Supp.2d ----, 2013 WL 528444 (N.D.N.Y. 2013) ........................................................ 2, 3

Miller v. Madison,
   No. 1:12-CV-0874 (LEK/CFH),
   2013 WL 375483 (N.D.N.Y., Jan. 30, 2013) .......................................................................... 8

Muniz v. Bank of American, N.A.,
   2012 WL 2878120 (S.D.N.Y. July 13, 2012) ......................................................................... 5

Pascal v. JPMorgan Chase Bank, Nat. Ass'n,
   No. 09–CV–10082 (ER),
   2013 WL 878588 (S.D.N.Y. March 11, 2013) ........................................................................ 5

Table of Authorities

Page

Rivers v. Costello,
   Civ. No. 9:08-CV-107 (TJM/RFT),
   2008 WL 3049872 (N.D.N.Y., Aug. 1, 2008) ........................................................................ 8

S.S. v. Whitseboro Cent. Sch. Dist.,
   No. 6:11-CV-0036 (GTS/GHL),
   2012 WL 280754 (N.D.N.Y., Jan. 31, 2012) .......................................................................... 3

Trombley v. O'Neill,
   --- F. Supp.2d ----, 2013 WL 869514 (N.D.N.Y., March 7, 2013) ........................................ 3

Wood v. Capital One Services, LLC,
   No. 5:09–CV–1445 (NPM/DEP),
   2012 WL 4364494 (N.D.N.Y. September 21, 2012) ......................................................... 4, 5

**STATE CASES**

Eurycleia Partners, LP v. Seward & Kissel, LLP,
   12 N.Y.3d 553 (2009) ............................................................................................................. 2

**STATUTES**

15 U.S.C. § 1692, et seq. .................................................................................................. passim

Defendant Select Portfolio Servicing, Inc. ("SPS"), by its attorneys, Locke Lord LLP, submits this Reply Memorandum of Law in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss *pro se* Plaintiff's Complaint.

## PRELIMINARY STATEMENT

SPS has moved to dismiss all of Plaintiff's claims against it because Plaintiff has failed to state any claim upon which relief may be granted. Plaintiff's Memorandum of Law in support of Plaintiff's Opposition (the "Opposition") does nothing to remedy this failure. In fact, the Opposition: (1) withdraws Plaintiff's first cause of action; (2) repeatedly reaffirms that SPS is an "innocent party;" and (3) bolsters SPS's argument that it is not a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA").

As such, Plaintiff still has not alleged any facts upon which a reasonable inference of liability against SPS may be made and his Complaint as and against SPS should be dismissed.

## LEGAL ARGUMENT

Plaintiff's Opposition does not respond to any of SPS's legal arguments. Instead it simply makes statements regarding each cause of action. With no opposition to which to respond, SPS reiterates that Plaintiff has not met the pleading standards as set forth in Fed. R. Civ. P. 8 and Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). (Def. Mem. p. 4-5). The handful of allegations in the Complaint that reference SPS are bare legal conclusions that do not support any claim against SPS, and Plaintiff's Opposition continues to parrot the language of the statutes SPS is alleged to have violated and re-allege the same irrelevant "facts." Plaintiff's claims as against SPS must be dismissed.

**I.      Plaintiff Has Withdrawn His Claim Based On The 2003 Order**

Plaintiff agrees that he does not have standing to enforce the 2003 District Court of Massachusetts Modified Stipulated Final Judgment and Order. (Opp. ¶ I,A). Thus, Plaintiff's first claim should be dismissed.

**II.     Plaintiff Cannot State A Cause Of Action For Fraud And Should Not Be Allowed To Amend His Complaint**

Recognizing the force of SPS's argument that Plaintiff lacks standing to allege criminal fraud against SPS, Plaintiff now asks this Court for: (1) time to amend his Complaint so that he may allege civil fraud against SPS; or (2) that the Court ignore his improper pleading and treat his claim as one for civil fraud. The Court should deny both requests and dismiss Plaintiff's fraud claims without prejudice. Plaintiff has alleged no facts upon which to base a fraud claim against SPS, regardless of how Plaintiff styles his claim.

      **A.     Plaintiff Does Not Allege A Claim For Common Law Fraud Against SPS**

Plaintiff's fraud claim should be dismissed even if this Court decides to treat the claim as one for common law fraud. Plaintiff has not alleged a single element of common law fraud, let alone met the heightened pleading standard for fraud claims.

Plaintiff must plead the following elements to maintain a fraud claim: (1) a material misrepresentation of fact; (2) knowledge of its falsity; (3) intent to induce reliance; and (4) justifiable reliance by the plaintiff and damages. See Cacchillo v. Insmed, Inc., Civil Action No. 1:10-CV-01199 (TJM/RFT), 2013 WL 622220, at *15 (N.D.N.Y., Feb. 19, 2013)(citing Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 559 (2009)). Pleading fraud triggers a heightened pleading standard under Fed. R. Civ. P. 9(b). See Gander Mountain Co. v. Islip U-slip LLC, --- F. Supp.2d ----, 2013 WL 528444, at *12 (N.D.N.Y. 2013). Thus in order to comply with Rule 9(b), Plaintiff must: "(1) specify the statements that the plaintiff contends were

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." See id.

Plaintiff's Complaint does not allege any of the necessary elements to maintain a common law fraud claim against SPS and his Opposition fares no better. Plaintiff again only alludes to "incomplete" and "missing" items on his mortgage note. (Opp. ¶ II, B, 2). He does not state how or why this is a misrepresentation or that he relied on it to his detriment. Plaintiff does not even attempt to meet the requirement of Fed. R. Civ. P. 9(b). Plaintiff does not make these allegations because he cannot.[1] There was no: (1) misrepresentation of fact by SPS; (2) intention to deceive Plaintiff by SPS, or (3) reliance by Plaintiff on any misrepresentation by SPS.

Thus, Plaintiff has failed to articulate any fraud and these claims should be dismissed.

**B.      Plaintiff Should Not Be Allowed To Amend His Complaint**

This Court should not allow Plaintiff to amend his Complaint because Plaintiff has not alleged, and has shown that he cannot hope ever to allege, any facts which support a claim for fraud against SPS. See S.S. v. Whitesboro Cent. Sch. Dist., No. 6:11-CV-0036 (GTS/GHL), 2012 WL 280754, at *7 (N.D.N.Y., Jan. 31, 2012)(" [A]n opportunity to amend is not required where the defects in a plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.")(quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff has now had two opportunities (the Complaint and the Opposition) to articulate any plausible fact upon which to base a claim of fraud against SPS and he has failed to do so both times. Allowing Plaintiff to amend his Complaint simply to change the basis of his fraud claim

---

[1] When Plaintiff does specifically attempt to allege the elements of fraud in his Opposition, he simply restates the language of the elements of fraud that SPS provided in its Motion, often while completely misunderstanding the nature of the element itself. See, e.g., Opp. ¶ II, B, 7 (maintaining that Plaintiff "relies on [the Note] to secure his interests in the mortgage;" this is not the reliance on a misrepresentation of fact that the reliance element of fraud contemplates). These "factual allegations" are actually legal conclusions which the Court need not accept as true on a motion to dismiss. See Trombley v. O'Neill, --- F. Supp.2d ----, 2013 WL 869514, at *5 (N.D.N.Y., March 7, 2013)(citing Iqbal, 556 U.S. at 678.).

3

from criminal statute to common law will only waste this Court's resources and result in the same outcome because the facts to support a fraud cause of action do not exist.

### III. Plaintiff's FDCPA Claims Still Fail

SPS moved to dismiss Plaintiff's four Fair Debt Collection Practices Act ("FDCPA") claims because: (1) Plaintiff has not alleged or demonstrated that SPS is a debt collector as that term is defined by the FDCPA and thus has not shown that the FDCPA applies to SPS (Def. Mem. p. 11); and (2) Plaintiff has not plead any facts to support the purported FDCPA violations. (Def. Mem. pp. 10-11). Plaintiff's Opposition does not respond to this in any serious way. Instead, Plaintiff's Opposition bolsters SPS's argument that the FDCPA does not apply to it.

#### A. SPS Is Not a Debt Collector Under the FDCPA

The FDCPA only applies to debt collectors. See Wood v. Capital One Services, LLC, No. 5:09-CV-1445 (NPM/DEP), 2013 WL 4364494, at *7 (N.D.N.Y. September 21, 2012); see also Cooper v. Pressler & Pressler, LLP, --- F. Supp.2d ----, 2012 WL 6568430, at *5 (D.N.J. 2012)("The law is clear that the FDCPA only applies to 'debt collectors' as that term is defined by the Act."). Mortgage servicing companies are not debt collectors under the FDCPA, but may be considered a debt collector only if the account being serviced was in default at the time the servicer took it in for servicing. See, e.g., Dolan v. Fairbanks Capital Corp., --- F.Supp.2d ---, 2013 WL 991002, at *15 (E.D.N.Y. March 13, 2013). In his Complaint, Plaintiff never alleges that SPS is a "debt collector," only that SPS is a mortgage servicer. In his Opposition, he affirmatively states that he was not in default when SPS took the loan in for servicing.[2] Thus,

---

[2] While Plaintiff's Complaint never alleges that he is, or was, in default, his Opposition repeatedly states that he is not, and has never been, in default of his mortgage. See Opp. ¶ III, B, i ("The Plaintiff was not in default."); Opp. ¶ III, B, iii ("The Plaintiff was not in default. The plaintiff Paid [sic] his mortgage according to the terms of the modification."); Opp. Aff. p. 2 ("It has never been my intention not to pay the mortgage, I was not in default.").

4

according to the Plaintiff, SPS is a mortgage servicer, servicing a loan that was not in default when SPS got it for servicing. As such, the FDCPA does not apply to SPS and his claims against SPS based on the FDCPA fail as a matter of law. See, e.g., Wood, 2012 WL 4364494, at *7.

Nonetheless, Plaintiff attempts to argue that because SPS identifies itself in certain documents as attempting to collect a debt, this qualifies SPS as a debt collector for FDCPA purposes. Plaintiff's argument is legally incorrect. The FDCPA specifically defines "debt collector." That definition determines whether an entity is subject to the FDCPA. See Muniz v. Bank of America, N.A., 2012 WL 2878120, at *3 (S.D.N.Y. July 13, 2012). And courts have repeatedly held that an entity that falls outside that definition does not bring itself within the purview of the FDCPA simply by labeling itself a debt collector or by stating that it is attempting to collect a debt. See Pascal v. JPMorgan Chase Bank, Nat. Ass'n, No. 09-CV-10082 (ER), 2013 WL 878588, at *5, n.6 (S.D.N.Y. March 11, 2013)(stating that "merely announcing that one is a FDCPA debt collector does not make you one because the issue of whether the FDCPA applies to a defendant is a legal question.")(quoting Caires v. JPMorgan Chase Bank, N.A., 880 F.Supp.2d 288, 306 (D.Conn. 2012) and Fouche v. Shapiro & Massey LLP, 575 F.Supp.2d 776, 788 n.6 (S.D.Miss. 2008)); see also Muniz, 2012 WL 2878120, at *4-5 (holding that servicer of mortgage was not a "debt collector" under the FDCPA where Plaintiff did not allege that loan was in default at the time servicer acquired the debt.).

Because Plaintiff fails to demonstrate that SPS meets the threshold requirements necessary to be subject to the FDCPA, all of Plaintiff's claims under the FDCPA asserted against SPS should be dismissed.

### B. Plaintiff's Claims Under the FDCPA Are Factually Deficient

Plaintiff's somewhat confusing Opposition does not address SPS's arguments that he has failed to sufficiently allege an FDCPA claim. Instead, Plaintiff argues that: (1) he is not in

5

default of his mortgage; (2) the loan documents presented to him by BOA were "forged"; and (3) the "Independent Foreclosure Review Committee" determined that there were "discrepancies in the processes by [sic] BOA" which SPS should have known about. (Opp. ¶¶ III, B, i-iv). Each of these "arguments" fails to support a claim of any SPS breach of the FDCPA.

### i. Plaintiff Has Not Alleged That He Is Current On His Obligation Under The Mortgage

Plaintiff's claim that SPS violated the FDCPA by threatening foreclosure is without merit. A review of the mortgage attached to the Complaint shows that if Plaintiff failed to pay, the lender had the right to foreclosure. (Compl. Ex. D, ¶ 22). The mortgage further states that the lender may use a mortgage servicer to service the loan and enforce its rights under the loan, including to foreclose on the loan. (Compl. Ex. D, ¶ 18). Thus, SPS as servicer of Plaintiff's loan has the legal right to foreclose so long as Plaintiff is not current and would not have violated the FDCPA even if it had sent a notice of default and threatened foreclosure, as alleged, in November of 2012.

### ii. Plaintiff's Baseless Forgery Accusations Are Irrelevant And Do Not Apply to SPS

The Opposition next claims, once again, that the loan documents he received from BOA were forgeries and that SPS attempted to collect "fraudulent and fictitious amounts" in violation of the FDCPA. (Opp. ¶ 3, B, ii). And, once again, Plaintiff fails to allege any details surrounding this "forgery." The fact that Plaintiff alleges the debt to be "false" or the Note to be "forged"[3] does not alter the terms of the Note he willfully signed. See <u>Corazzini v. Litton Loan Servicing LLP</u>, No. 1:09-cv-199 (MAD/ATB), 2010 WL 6787231 (N.D.N.Y. June 15, 2010). The Note and Mortgage expressly authorize the holder of the Note and Mortgage, or its servicer, to collect

---

[3] Further, Plaintiff never alleges that SPS played any role in any "forgeries" or had reason to believe that the loan documents were "forged." Plaintiff's "factual allegations" concerning the "forged" loan documents pertain to BOA.

6

principal, interest, prepayment, late charges and any other amounts due under the Note. See Compl. Ex. D, p.5.

### iii. Plaintiff's Appeal To The "Independent Foreclosure Review Committee" Is Without Consequence

Finally, Plaintiff argues that "the Independent Foreclosure Review Committee" found "discrepancies in the processes by [sic] BOA" and that SPS should have known of these "discrepancies." (Opp. ¶ 3, B, iv). This argument fails for at least two reasons. First, Plaintiff never identifies the alleged "discrepancies" in BOA's "processes." The results of the "Independent Foreclosure Review Committee" are conveniently omitted from Plaintiff's 28 attached exhibits. Second, all of Plaintiff's allegations pertaining to the Committee's supposed determinations involve BOA and BOA alone. Plaintiff never alleges that SPS committed any act of wrongdoing. Indeed, Plaintiff's Affirmation attached to his Opposition states that he considers SPS "an innocent party" and only included SPS in this lawsuit "to keep BOA from casting blame on SPS." (Opp. Aff. p.1.).

### IV. Plaintiff Is Still Not Entitled To Provisional Remedies

Plaintiff's Opposition does nothing to show that he is entitled to the provisional relief he seeks. Plaintiff's response to SPS's motion is that: (1) the results of the Independent Foreclosure Review Committee demonstrate likelihood of success on the merits; (2) Plaintiff would withdraw all claims against SPS if SPS accepts Plaintiff's payments of $1,011.73 per month and eliminates an undisclosed amount of principal from Plaintiff's debt; and (3) Plaintiff's health and family issues entitle him to injunctive relief. All of these arguments fail.

First, Plaintiff does not state with any specificity what the results of the "Independent Foreclosure Review Committee" actually are or how they affect the causes of action he asserts. Plaintiff does not include any documentation from the Committee among his voluminous filings.

He simply alleges that the Committee's findings will win him the case.[4] This is not enough to demonstrate a likelihood of success on the merits. See Rivers v. Costello, Civ. No. 9:08-CV107 (TJM/RFT), 2008 WL 3049872, at *1 (N.D.N.Y., Aug. 1, 2008)(holding that "conclusory statements" do not show likelihood of success on the merits).

Plaintiff's offer to drop his claims against SPS if SPS would accept Plaintiff's payments of $1,011.73 per month and eliminate an undisclosed amount of money from the principal Plaintiff owes on his mortgage has nothing at all to do with his entitlement to injunctive relief.[5]

Finally, Plaintiff lists a set of health and personal issues that Plaintiff claims "creat[e] irreversible and foreseeable harm." (Opp. ¶ IV, 3). Plaintiff has not and cannot tie any of this to any action on SPS's part. Moreover, the likelihood of irreparable harm element required to justify a temporary injunction contemplates imminent, future harm. See Miller v. Madison, No. 1:12-CV-0874 (LEK/CFH), 2013 WL 375483, at *2 (N.D.N.Y., Jan. 30, 2013)("Irreparable harm requires demonstration of an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."). All of Plaintiff's alleged harms are past harms and in no way imminent.

Plaintiff's request for provisional remedies should be denied.

## V.     SPS Has Not Breached Any Modification Agreement

After responding to SPS's arguments, Plaintiff appears to introduce a new claim against SPS sounding in breach of contract. Specifically, Plaintiff argues that SPS has "not honor[ed]" the Home Affordable Modification Program letter dated September 13, 2012, sent to Plaintiff

---

[4] And again, Plaintiff states that the Committee's results pertain only to BOA. (Opp. ¶ 3, B, iv). Thus the Committee's alleged conclusions, whatever they might be, cannot possibly show a likelihood of success on the merits as against SPS.

[5] If anything, it confirms SPS's suspicion that Plaintiff's claims in this case are really all just an attempt to keep SPS from foreclosing upon Plaintiff's mortgage (something SPS has not yet attempted to do).

from BOA and marked as Exhibit X to the Complaint. (Opp. ¶¶ V, 1-3). Plaintiff's argument on this point fails for several reasons.

First, as Plaintiff admits, SPS is not a party to the alleged "agreement" contained in the September 13 letter. The letter was sent from BOA to Plaintiff before SPS began servicing Plaintiff's mortgage.

Second, the September 13 letter is clearly not a contract entitling Plaintiff to a mortgage modification or especially the elimination of some amount of principal owed. The letter is a notice to Plaintiff that he has been approved for a modification and that "the next step toward qualifying for affordable mortgage payments" is to make trial period payments. (Compl. Ex. Z p.2). Only upon successfully making all three trial payments would Plaintiff then be entitled to a permanent loan modification. (id.).

Finally, Plaintiff never alleges that he made any of the trial period payments laid out in the September 13 letter. Instead, Plaintiff has decided to refrain from making the trial payments unless SPS promises to "correct[] the unjust principle balance." (Opp. ¶ V, 2).

## CONCLUSION

For the reasons stated above, the Court should grant Defendant's motion to dismiss.

Dated: New York, New York
April 23, 2013

Respectfully submitted,

/S/ Joseph N. Froehlich

Joseph N. Froehlich
R. James DeRose, III
LOCKE LORD LLP
Attorneys For Select Portfolio Servicing, Inc.
3 World Financial Center
New York, New York 10281-2101
Tel.: (212) 415-8600
Fax:  (212) 303-2754

9

**CERTIFICATE OF SERVICE**

      I, JOSEPH N. FROEHLICH, an attorney, hereby certify that on this 23rd day of April, 2013, I caused to be served on the party listed below a true and correct copy of the foregoing Reply Memorandum of Law in Support of Defendant's Motion to Dismiss by U.S. Mail, postage prepaid, addressed to the following:

      Peter J. Nichols
      *Pro Se Plaintiff*
      212 First Street
      Scotia, New York 12302

                              _____/s_____
                                      Joseph N. Froehlich, Esq.